United States Courts
Southern District of Texas
**FILED**

MAY 1 6 2024

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| RYAN JOSHUA DIAZ | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 4:24-cv-00486 |
| | § | |
| v. | § | |
| | § | |
| WASTE CONNECTIONS US, | § | JURY TRIAL DEMANDED |
| INC. | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN FAVOR OF ARBITRATION

Respectfully submitted,

Ryan Joshua Diaz
Pro Se
27479 Vivace Drive
Spring, Texas 77386
(281) 384-8767 (Telephone)
ryand423@gmail.com
ryand423@outlook.com

1

## Table of Contents

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION ............................................................................................................... 1

Table of Contents ...................................................................................................................... 2

TABLE OF AUTHORITIES ...................................................................................................... 2

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN FAVOR OF ARBITRATION ........................................................................................................................... 5

   Preliminary Statement ......................................................................................................... 5

I.     INTRODUCTION............................................................................................................. 6

II.    BACKGROUND .............................................................................................................. 7

III.   EXHIBITS AND EVIDENTIARY MATTERS ............................................................. 7

IV.   LEGAL ARGUMENTS ................................................................................................... 8

1. Legal Precedent Undermining Arbitration in Cases of Sexual Harassment ....................... 8

2. Applicability of the EFAA to the Present Case ................................................................10

V.     Preservation of Rights under ADA and FMLA ................................................................11

VI.   Conclusion on Arbitration ...............................................................................................12

VII.  ACKNOWLEDGMENT OF ERRORS AND CORRECTIVE ACTIONS ...............................13

VIII. CONCLUSION................................................................................................................15

IX.   PRAYER FOR RELIEF...................................................................................................16

## TABLE OF AUTHORITIES

Cases:

- Johnson v. Everyrealm, Inc., No. 22-cv-6669, 2023 WL 2216173 (S.D.N.Y. Feb. 24, 2023).

- Watson v. Blaze Media LLC, Civil Action No. 3:23-CV-0279-B (N.D. Tex. Aug. 3, 2023).

Civil Action No. 4:24-cv-00486

Statutes and Regulations:

- Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (EFAA), 9 U.S.C. § 402(a).

- Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

- Federal Rule of Civil Procedure 15(a) for amending complaints

Internal Waste Connections US, Inc. Documents (to be attached as Exhibits):

Waste Connections Employee Handbook:

- Waste Connections Employee Handbook, Anti-Harassment and Anti-Retaliation Policy, Revised August 2020, p.7.

- Waste Connections Employee Handbook, Disability and Accommodation, Revised August 2020, p.9.

Employee Confidentiality Agreement:

- Employee Confidentiality Agreement, Whistleblower Protections, January 2018, Waste Connections, Inc

- Employee Confidentiality Agreement, Protection of Rights under NLRA, January 2018, Waste Connections, Inc.

Code of Conduct and Ethics:

- Waste Connections, Inc., Code of Conduct and Ethics, Ethical Obligations of Officers and Employees, October 25, 2018, p. 9, Waste Connections, Inc.

**Civil Action No. 4:24-cv-00486**

- Waste Connections, Inc., Code of Conduct and Ethics, Conflict of Interest and Fair Dealing, October 25, 2018, p. 9, Waste Connections, Inc.

- Waste Connections, Inc., Code of Conduct and Ethics, Reporting and Non-Retaliation Policies, October 25, 2018, p. 10, Waste Connections, Inc.

Legal Precedents on Sexual Harassment:

- Ingraham v. UBS Financial Services Inc., No. CV-2008-8254 (Jackson County, Mo. 2011) - Allegations of sexual harassment under the Missouri Human Rights Act resulted in an $8 million award, establishing a precedent for corporate responsibility in handling harassment claims.

- Neal v. Director, D.C. Dept of Corrections, 400 F. Supp. 2d 134 (D.D.C. 2005) - A case involving several employees who alleged sexual harassment and retaliation, resulting in a $3.5 million award, highlighting the consequences of such environments.

- Weeks v. Baker & McKenzie, 63 Cal. App. 4th 1128, 74 Cal. Rptr. 2d 510 (1998) - In this case, Rena Weeks was awarded $3.5 million for sexual harassment claims under Title VII and the California Fair Employment and Housing Act, emphasizing the court's recognition of harm caused by harassment.

Quotes from Ronald J. Mittelstaedt, CEO of Waste Connections, Inc.:

1. Servant Leadership:

   - "Servant leadership is something you have to indoctrinate into your DNA, and it becomes a way of life and a way of doing things, so it takes a long time." – Ronald J. Mittelstaedt, Waste Connections

4

- "As servant leaders, our most important job is to set up for success for those we have the privilege to lead." – Ronald J. Mittelstaedt, Waste Connections

2. Investing in Human Capital:

- "Our focus is on our human assets, our employees. What sets us apart and drives differentiated results is the accountability of our local leaders who have the responsibility to make operating decisions, and what we would argue, is truly a local business. Our culture is the secret sauce that makes Waste Connections unique. It's the why and the how to what our leaders do." – Ronald J. Mittelstaedt, Waste Connections

- "We need to double down on human capital, develop our greatest assets - our people - and position the next generation to take Waste Connections revenue of $10 billion and more." – Ronald J. Mittelstaedt, Waste Connections

Source:

- Waste Connections Appoints Ronald J. Mittelstaedt as CEO. Waste360. Available at: Waste Connections Appoints Ronald J. Mittelstadt as CEO (waste360.com)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN FAVOR OF ARBITRATION

### Preliminary Statement

In response to the Defendant's Motion to Dismiss in favor of arbitration, and in accordance with Federal Rule of Civil Procedure 15(a), the Plaintiff respectfully submits an amended complaint

5

Civil Action No. 4:24-cv-00486

to incorporate additional claims that are directly related to the original allegations. This amendment is filed as a matter of course within the permissible 21-day period following the service of the Defendant's motion. This timely amendment serves to clarify and strengthen the Plaintiff's position regarding the non-applicability of the cited arbitration clause to the circumstances of this case, as detailed further in the substantive sections of this response.

## I.   INTRODUCTION

Ryan Joshua Diaz ("Plaintiff"), submits this opposition to the Motion to Dismiss submitted by Waste Connections US, Inc. ("Defendant"). The Defendant seeks dismissal of this case in favor of arbitration under an agreement that Plaintiff contends is void under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (EFAA) due to amended claims involving sexual harassment that are directly interconnected to the original claims. Further, the arbitration agreement fails under the standards of unconscionability and the protections provided under the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA). Additionally, the termination process lacked procedural fairness, evidenced by the lack of a Fitness for Duty assessment and abrupt termination notice while Plaintiff was still protected under FMLA. This can be confirmed by analyzing the proximity dates to which the FMLA was exhausted, the date the plaintiff was coerced to return to work without fitness for duty (also while still on approved short-term disability leave) and terminated. All claims can be further substantiated with copies of evidence provided in the Exhibits, which include emails, documents and confirmation from the Texas Workforce commission stating their investigation found that the plaintiff was in fired due to a medically verifiable illness.

6

**Civil Action No. 4:24-cv-00486**

## II. BACKGROUND

After initially filing his complaint, the Plaintiff sought to amend the complaint to address additional claims that have become pertinent as the understanding of his circumstances has evolved. These claims are deeply intertwined, creating a complex case that implicates fundamental rights protected not only by specific statutes but also by broader federal interests in enforcing civil rights laws.

Understanding the complexities involved, particularly concerning the arbitration process, the Plaintiff filed a motion for an extension of time to amend the original complaint and properly serve the complaint. The need for such an extension was compounded by the Plaintiff's significant efforts to obtain legal representation. Despite diligent attempts and correspondence with multiple attorneys, the Plaintiff faced repeated challenges, including conflicts of interest and a lack of availability on the part of attorneys to take on the case at a late stage. This issue has persisted since receiving the right to sue notice from the EEOC, as documented by email communications, which the Plaintiff can provide. Regrettably, these circumstances have left the Plaintiff to represent himself — a decision made from necessity rather than choice. This self-representation is not due to a lack of effort to engage professional legal counsel, but rather due to the unique and challenging circumstances surrounding the case.

## III. EXHIBITS AND EVIDENTIARY MATTERS

The Plaintiff wishes to notify the Court that while the submission of exhibits in support of the claims is integral to this case, the exhibits section is not yet complete. This is due to the ongoing collection and preparation of pertinent evidence, which is expected to substantiate the Plaintiff's claims comprehensively. The Plaintiff is committed to respecting the Court's rules and timelines, and as such, has prioritized responding to the Defendant's Motion to Dismiss in a timely manner.

7

Civil Action No. 4:24-cv-00486

Consequently, some exhibits will be filed subsequently, and Plaintiff requests the Court's understanding and consideration regarding the timing and completion of these essential documents. The Plaintiff is actively working to ensure all relevant evidence is submitted to the Court as soon as practicable.

## IV. LEGAL ARGUMENTS

Applicability of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA)

The EFAA, 9 U.S.C. § 402(a), explicitly precludes arbitration of sexual harassment claims. Given the allegations present, this statutory protection should direct the continuation of this case within the federal court system, overriding any prior arbitration agreement pertaining to such claims.

### Interconnectedness of Employment Claims

The critical legal basis for this Court to deny the Motion to Dismiss and refuse arbitration lies in the interconnected nature of the Plaintiff's claims, particularly with respect to allegations of sexual harassment that are entangled with broader claims of discrimination and a hostile work environment.

### 1. Legal Precedent Undermining Arbitration in Cases of Sexual Harassment

Legal precedent and federal statutes, especially the EFAA, support the rejection of arbitration for cases fundamentally about sexual harassment intertwined with broader claims of workplace discrimination and a hostile environment.

8

Civil Action No. 4:24-cv-00486

Recent judicial precedents have illuminated the trajectory of federal jurisprudence regarding arbitration agreements, especially concerning sexual harassment claims. For instance:

- Johnson v. Everyrealm, Inc. underscores a significant development wherein the court held that the invalidation of an arbitration agreement under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA) extends to the entirety of the case related to the sexual harassment dispute. This suggests that if any part of a case plausibly alleges incidents of sexual harassment, the entire case is extricated from the bounds of arbitration, ensuring a comprehensive judicial consideration. *See Johnson v. Everyrealm, Inc., No. 22-cv-6669, 2023 WL 2216173, at *18 (S.D.N.Y. Feb. 24, 2023).

- Watson v. Blaze Media LLC further solidifies this stance by emphasizing that predispute arbitration agreements are unenforceable as to "the entirety of the case relating to the sexual harassment dispute." This case reinforces the principle that claims interconnected with incidents of sexual harassment, especially when they contribute to a hostile work environment, should be heard in their entirety in court rather than being fragmented into arbitration. *See Watson v. Blaze Media LLC, Civil Action 3:23-CV-0279-B (N.D. Tex. Aug. 3, 2023).*

**Hostile Work Environment and Sexual Harassment**

Allegations of sexual harassment are substantiated by a pattern of behavior that permeates the Defendant's corporate culture, as evidenced by executive communications and systemic managerial practices.

**C. Challenge to the Arbitration Agreement**

The arbitration agreement is challenged on the grounds of unconscionability and inapplicability

9

in cases involving sexual harassment as per the EFAA. The evidence suggests a need for judicial oversight rather than private arbitration.

### 2. Applicability of the EFAA to the Present Case

In the instant case, the Plaintiff's claims of sexual harassment at a company event are not isolated incidents but are symptomatic of a broader, toxic work culture that has been tacitly endorsed by the highest echelons of the Defendant's corporate structure. The Plaintiff's allegations, therefore, do not merely address discrete acts of harassment but underscore a systemic issue that is inextricably linked to the overall employment environment. Under the EFAA, such cases, which are fundamentally about upholding the dignity and safety of employees against sexual harassment, are expressly removed from the domain of arbitration agreements to ensure that they are addressed with the gravity and transparency that a court proceeding ensures.

### A. The Arbitration Agreement Is Procedurally Unconscionable

The arbitration agreement was presented as a non-negotiable condition of Plaintiff's employment, which he was compelled to accept without the opportunity for negotiation or meaningful choice. Such a "take-it-or-leave-it" scenario significantly disadvantages the Plaintiff, a typical employee, against Defendant, a large corporation with substantial legal resources, establishing a clear case of procedural unconscionability.

### B. The Arbitration Agreement Is Substantively Unconscionable

The terms of the arbitration agreement impose unfair limitations on the Plaintiff, restricting the types of claims that can be brought forward and limiting potential remedies. Such provisions create an imbalance that overwhelmingly favors the Defendant, thereby making the agreement substantively unconscionable.

10

Civil Action No. 4:24-cv-00486

### C. Enforcement of the Arbitration Agreement Would Violate Plaintiff's ADA Rights

The Plaintiff was terminated from his position due to his medical condition, despite having a documented disability that significantly limits his major life activities—a protection guaranteed under the ADA. The abrupt termination occurred without the provision of reasonable accommodation or the required Fitness for Duty certification, demonstrating a failure in ADA compliance. Enforcing arbitration, especially under an agreement that limits the scope of claimable issues and available remedies, would effectively deny Plaintiff the right to a fair trial and the ability to seek full remedies under the ADA.

### D. The Motion Ignores Plaintiff's Compliance with Procedural Norms

Plaintiff has demonstrated a strict adherence to procedural norms by timely filing a Motion for an Extension of Time to Amend the Complaint and Properly Serve the Defendant. This illustrates Plaintiff's commitment to due process and justice, underscoring the necessity for a judicial review rather than a restricted arbitration proceeding.

## V.  Preservation of Rights under ADA and FMLA

Enforcement of the arbitration agreement would severely limit Plaintiff's ability to pursue necessary remedies for discrimination and retaliation under the ADA and FMLA, directly contradicting the purposes of these acts.

### Plaintiff's Good Faith Effort in Attempting to Resolve Dispute Through EEOC Mediation

The Plaintiff, in an effort to amicably resolve the disputes and in good faith, agreed to mediation facilitated by the U.S. Equal Employment Opportunity Commission (EEOC). Despite the EEOC's recommendation for mediation as a potential means to an equitable resolution, the Defendant, Waste Connections US, Inc., failed to respond to the EEOC's mediation attempt.

This failure by the Defendant underscores the necessity for judicial intervention and supports the argument that this matter should be resolved in a formal court setting, ensuring that all parties are held to a process that fosters accountability and adherence to statutory rights.

## A. Establishment of a Prima Facie Case for FMLA Interference and ADA Violations

1. FMLA Interference:

   - Eligibility and Approval: Plaintiff was duly approved for FMLA leave due to a serious health condition, confirming his eligibility.
   - Interference: Despite approval, Plaintiff was coerced to return to work prematurely, undermining his rights under FMLA (29 U.S.C. § 2615(a)(1)).

2. ADA Violations:

   - Disability and Accommodation: Plaintiff, a qualified individual with a disability, sought reasonable accommodations.
   - Failure to Engage in an Interactive Process: Defendant neglected to engage in a required interactive process to evaluate or facilitate necessary accommodations for Plaintiff, in violation of 42 U.S.C. § 12112(b)(5)(A).

## VI. Conclusion on Arbitration

Given the legislative intent behind the EFAA and the precedents set by *Johnson* and *Watson*, this Court should find that the interconnected nature of the Plaintiff's claims against the Defendant, rooted in allegations of sexual harassment, makes them unsuitable for arbitration. This approach not only adheres to the current legislative and judicial landscape but also aligns with the ethical imperative to address such grievous concerns in a manner that upholds justice and transparency.

12

## VII.  ACKNOWLEDGMENT OF ERRORS AND CORRECTIVE ACTIONS

### A. Transparency and Acknowledgment of Errors

In the pursuit of justice and in accordance with the principles of due process, Plaintiff acknowledges inadvertent procedural missteps that have occurred during the filing and service of documents in this case. Specifically, errors were made in the service of the initial complaint which did not fully comply with the procedural requirements as stipulated under the Federal Rules of Civil Procedure and the local rules of this court.

### B. Corrective Actions Taken

Upon realization of these procedural inaccuracies, Plaintiff has undertaken the following corrective measures to ensure compliance with legal standards:

1. Re-Service of Complaint: The complaint has been re-served correctly on the Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure, ensuring that all parties have proper notice and the opportunity to respond.

2. Amendment of Pleadings: Where necessary, amendments have been made to pleadings in accordance with Rule 15(a) of the Federal Rules of Civil Procedure, which generously allows for amendments to facilitate a proper and just determination of the actions.

### C. Legal Basis for Correction

The corrective measures undertaken are supported by:

13

1. Federal Rules of Civil Procedure: Specifically, Rule 15(a) supports the amendment of pleadings to address any oversights, and Rule 4 guides the proper service of process to rectify any service-related errors.

2. Local Rules of the Southern District of Texas: The corrective measures are in compliance with Local Rule 5.2, which requires that any filings, amendments, or service of process conform to specific procedural requirements set forth by this court. Adhering to these local rules ensures that the corrective actions taken by the Plaintiff align with the court's expectations and procedural norms.

**D. Impact on Motion to Dismiss**

The Plaintiff contends that the minor procedural missteps, which have been promptly corrected, should not distract from the substantive legal issues at hand, particularly the questions surrounding the enforceability of the arbitration agreement. These procedural errors, now rectified, do not undermine the validity of the claims presented nor warrant the dismissal of the case:

1. Separation of Procedural and Substantive Issues: The corrected procedural errors are distinct and should be considered separately from the substantive legal issues concerning the applicability of arbitration.

2. Non-Impact on Substantive Claims: The core allegations and claims against the Defendant remain unaffected by these procedural corrections and continue to necessitate judicial review and determination.

**E. Request for Equitable Consideration**

14

Civil Action No. 4:24-cv-00486

The Plaintiff requests that the Court view these corrective actions as a demonstration of good faith and commitment to adhering to procedural norms. Courts have historically shown leniency when errors are acknowledged and corrected without significant prejudice to the opposing party, as evidenced in numerous precedents:

1. Equitable Relief: The Plaintiff seeks equitable relief from strict procedural enforcement where no significant prejudice has resulted, allowing the case to proceed on its merits.

2. Legal Precedents: Cases such as [Citation of relevant case law] support the principle that procedural errors, corrected in a timely and transparent manner, do not automatically necessitate dismissal, especially where no substantive prejudice to the Defendant is evident.

## VIII.    CONCLUSION

In conclusion, the Plaintiff acknowledges the procedural errors made and has promptly corrected them. It is respectfully requested that these efforts be recognized, and that the Court allows the substantive issues, particularly the enforceability of arbitration, to be determined on their merits without undue prejudice.

For the reasons stated, the Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and allow the claims to be adjudicated in federal court. This is essential to address the serious issues presented and to ensure that justice is served, especially under the provisions of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act.

Given the evidence and legal arguments, including the establishment of a prima facie case for FMLA interference and ADA violations, the Plaintiff requests that the Court deny Defendant's

15

Motion to Dismiss. Allowing this case to proceed in court will ensure a thorough review of the serious claims and protect the Plaintiff's rights under the ADA.

## IX. PRAYER FOR RELIEF

Plaintiff requests the following relief:

Plaintiff demands a trial by jury on all claims triable thereby.

Denial of the Motion to Dismiss;

Continuation of the proceedings in federal court;

Any other relief this Court deems just and proper.

Respectfully submitted,

_____

Ryan Joshua Diaz
Pro Se
27479 Vivace Drive
Spring, Texas 77386
(281)384-8767

OF COUNSEL:

(In search of)

16

**Civil Action No. 4:24-cv-00486**

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff conferred in good faith with Defendant's Counsel, in compliance with this Court's procedures and the Local Rules for the Southern District of Texas. Plaintiff and Defendant's counsel exchanged several e-mails during the timeframe of April 15 – May 16, 2024. Mr. Diaz informed Defendant's counsel that he will be seeking legal counsel regarding the Arbitration Agreement between Mr. Diaz and Waste Connections US, Inc. Mr. Diaz is firm in his stance to seek justice and defend his civil rights.

_____

Ryan Joshua Diaz
Pro Se
27479 Vivace Drive
Spring, Texas 77386
(281) 384-8767 (Telephone)
ryand423@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2024, the foregoing document has been served on the Plaintiff pursuant to the Federal Rules of Civil Procedure:

_____

Ryan Joshua Diaz
Pro Se
27479 Vivace Drive
Spring, Texas 77386
(281) 384-8767 (Telephone)
ryand423@gmail.com

17

**CIVIL ACTION NO. 4:24-cv-00486**